```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

UNITED STATES OF AMERICA         §
                                 §
VS.                              §   CRIMINAL NO. 4:08-CR-098-Y
                                 §
HECTOR DANIEL MACIAS     (3)     §
RAMON MACIAS-RODRIGUEZ  (4)      §
HARRY AGUILAR          (10)
```

ORDER DENYING MOTIONS FOR SEVERANCE
AND EXCLUSION OF STATEMENTS BY CO-DEFENDANT

Pending before the Court is the Motion for Severance of Defendants [doc. #376] filed by defendant Harry Aguilar. Also before the Court are the Motions to Sever, filed by defendants Hector Daniel Macias and Ramon Macias-Rodriguez [docs. #359 & 380]. These are the second motions for severance filed by Macias and Macias-Rodriguez. Having carefully considered the motions and the government's responses, the Court DENIES the motions.

I. Background

On June 24, 2008, defendants Hector Macias and Ramon Macias-Rodriguez were indicted along with three other men for conspiracy to distribute a controlled substance and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. By superseding indictment returned November 19, Macias and Macias-Rodriguez were again charged with conspiracy. This time thirty-five others were also charged with conspiracy, including Aguilar.

II.  Discussion

    A.  Legal Standards

"The [general] rule . . . is that persons indicted together should be tried together."  *United States v. Pofahl,* 990 F.2d 1456, 1483 (5th Cir. 1993).  This is especially true in conspiracy cases.  *Id.*  In a conspiracy case, so long as one conspiracy exists, even if the nature of the proof differs as to each defendant, severance is not necessary so long as the court gives sufficient cautionary instructions.  *United States v. Sherrod*, 964 F.2d 1501, 1503 (5th Cir. 1992).

Federal Rule of Criminal Procedure 14 provides an exception to the general rule against severance, stating

> If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant, . . . the Court may . . . sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CIM. P. 14.  "[J]oint trials have a certain amount of inherent prejudice."  *United States v. Bright*, 630 F.2d 804, 813 (5th Cir. 1980).  But a defendant bears a "heavy burden" to show prejudice sufficient to warrant severance.  *See United States v. Herring*, 602 F.2d 1220, 1225 (5th Cir. 1979); *see also United States v. Bright*, 630 F.2d 804, 813 (5th Cir. 1980) ("[A] showing of *compelling prejudice* is required before a trial court's ruling [denying severance] under Rule 14 will be overturned.") (emphasis added).

Specific tests apply depending on the nature of the prejudice

2

alleged. In order to be entitled to a severance based on the need for the testimony of a co-defendant, the defendant seeking severance must show "(1) a bona fide need for the testimony; (2) the substance of the expected testimony; (3) its exculpatory nature and effect; and (4) that the designated co-defendant will in fact testify." *United States v. Ortiz*, 942 F.2d 903, 914 (5th Cir. 1991).

As for "antagonistic defenses" a court should grant severance when the defense of co-defendants are "so irreconcilable that the jury will infer that both defendants are guilty solely due to the conflict." *Herring*, 602 F.2d at 1225. A court should also grant severance when the defenses are "irreconcilable and mutually exclusive." *United States v. Grapp*, 653 F.2d 189, 193 (5th Cir. 1981). The mere fact that each defendant asserts his innocence is not sufficient to require severance. *See United States v. Nichols*, 695 F.2d 86, 93 (5th Cir. 1982).

Even if prejudice is shown, "Rule 14 does not require severance." *Zafiro v. United States,* 506 U.S. 534, 538 (1993). Instead, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* Generally, an instruction from the Court sufficiently minimizes any prejudice due to the joint trial. *See, e.g., Sherrod*, 964 F.2d 1513-14 (noting instruction generally accounts for prejudice resulting from admission of evidence of co-defendant's extrinsic bad acts). Indeed, when faced with a motion to sever based on the general concern that the jury will not

be able to consider the evidence presented in relation to the appropriate defendant, a court is to consider

> Whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Means*, 695 F.2d 811, 818 (5th Cir. 1983) (citing *United States v. Kahaner*, 203 F. Supp. 78, 81-82 (S.D.N.Y. 1962).

B.  Analysis

1.   Macias-Rodriguez

Macias-Rodriguez argues that severance is appropriate because it will be difficult for the jury to compartmentalize the evidence relating to each defendant.  He insists that the sheer size and complexity of the case, the amount of evidence to be presented, and the fact that "only a small portion of the evidence" at trial will pertain to him will leave the jury unable to evaluate his guilt based solely on the evidence presented against him.  Although the case at hand is large and complex, Macias-Rodriguez has not demonstrated that proper jury instructions cannot account for these concerns.  The mere fact that a conspiracy case is factually complex "does not compel severance; indeed, [the United State Court of Appeals for the Fifth Circuit] has held that it might mitigate against severance in that

4

separate trials would drain our judicial resources." *United States v. Means*, 695 F.2d 811, 818 (5th Cir. 1983).  So long as the government does not attempt to have the jury treat the evidence cumulatively and the Court instructs the jury so that it treats the evidence relevant to each defendant separately, there is no need for severance. *See United States v. Hatcher*, 423 F.2d 1086, 1090 (5th Cir. 1970) (discussing *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964)).

Similarly, Macias-Rodriguez argues that evidence of prior crimes may be introduced against his co-defendants under Federal Rule of Evidence 404(b) and that he will be prejudiced by such evidence. He contends this is particularly the case given that he has "no prior bad acts of any consequence."  "Generally, the district court may adequately minimize prejudice to a co-defendant from extrinsic act evidence by giving limiting instructions." *Sherrod*, 964 F.2d 1513-14; *see also United States v. Salomon*, 609 F.2d 1172, 1175 (5th Cir. 1980) ("Evidence of prior criminal offenses relating only to one defendant does not generate prejudice arising to the level that requires severance.").

Macias-Rodriguez also asserts that he "may wish to call one or two co-defendants" to testify.  As discussed above, however, this potentiality is not enough to warrant a severance.  Rather, Macias-Rodriguez must establish a need for the testimony, the substance of the testimony, that such testimony is exculpatory, and that his co-

5

defendants are, in fact, willing to testify. *Ortiz*, 942 F.2d at 914. Macias-Rodriguez never identifies which of his co-defendants he would like to call to testify let alone establish that any of his co-defendants are, in fact, willing to testify on his behalf. Nor does he discuss the substance of the testimony he may seek or address how the testimony of his co-defendants would help his case.

Macias-Rodriguez next argues that he will be prejudiced by the fact that he and his co-defendants will present antagonistic defenses. Macias-Rodriguez states that at trial he will testify to the effect that he had no knowledge of any violation of the law or intent to commit a crime and that his co-defendants are guilty of the crimes they are alleged to have committed. In order to require severance, "the essence or core of the defenses must be in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984). "Defendants may disagree on the facts not comprising the core of their defenses without generating the kind of prejudice that mandates severance." *United States v. Lee*, 744 F.2d 1124, 1126 (5th Cir. 1984).

Macias-Rodriguez has failed to establish an irreconcilable conflict. The core of his defense is his own innocence, which he can establish by demonstrating that, as he contends, he lacked sufficient knowledge or intent to violate the law. The jury can believe this regardless of whether it believes his testimony regarding

6

his co-defendants' criminal activity. That is, the guilt of his co-defendants is not at the core of his own claim to innocence. Indeed, Macias-Rodriguez fails to explain, let alone establish, how the guilt of his co-defendants demonstrates his innocence. *See United States v. Bynum*, 566 F.2d 914, 926 (5th Cir. 1978) (rejecting claim that severance was mandatory due to irreconcilable defenses because it was "not essential to [one defendant's] defense, that the jury find [another defendant] guilty of the substantive offenses."). The fact that the guilt of his co-defendants does not *necessarily* establish Macias-Rodriguez's innocence distinguishes it from cases requiring severance due to antagonistic defenses. *Cf. United States v. Crawford*, 581 F.2d 489, 491-92 (5th Cir. 1978) (concluding that severance should have been granted where an illegal weapon was found in a vehicle and the driver and the only passenger were tried together for possession of the weapon because each asserted that the other owned the gun). And, to the extent that Macias-Rodriguez's testimony against his co-defendants might represent a conflict with their defenses, this does not work to prejudice Macias-Rodriguez. Regardless, to grant severance based on nothing more than a defendant's mere suggestion that he will testify against his co-defendants would be to severely undermine, if not wholly vitiate, the general rule that defendants indicted together are to be tried together. Macias-Rodriguez's assertion that he will testify against his co-defendants, a dubious position given his insistence he lacked knowledge of criminal activity, is not enough

7

to justify a severance. *See United State v. Marable*, 574 F.2d 224, 231 (5th Cir. 1978) ("Absent *clear evidence* that the defenses of defendant and co-defendant will be conflicting, the denial of a motion for a severance on grounds of conflicting defense is not error.") (emphasis added).

### 2. Macias

Similar to Macias-Rodriguez, Macias seeks severance based on the fact that he has no prior felony convictions but evidence of his co-defendants' criminal history will likely be introduced during the joint trial. As noted above, this is not a sufficient basis for severance. *Sherrod*, 964 F.2d 1513-14; *see also Salomon*, 609 F.2d at 1175.

Macias also argues that severance is proper because, according to him, his connection with the conspiracy is tenuous. But as argued by the government, if the proof shows one conspiracy existed, even if the nature of the proof differs as to each defendant, severance is not required. *See Sherrod*, 964 F.2d at 1503. It is not enough for a defendant to secure a severance to show that the case against his co-defendants is stronger than that against himself. *See Marable*, 574 F.2d at 231.

### 3. Aguilar

Aguilar also argues that his connection to the overall conspiracy is weak and the majority of the proof will focus on his co-defendants.

8

As discussed in regard to Macias's virtually identical contention, this is not enough to mandate severance.

Aguilar also asserts that the government may offer out-of-court statements by his co-defendants. Macias and Macias-Rodriguez raised similar concerns in their previous motions for severance. In denying these motions to sever, the Court discussed the limitations imposed by the Sixth Amendment on the government's use of out-of-court statements by co-defendants. To briefly reiterate, the Sixth Amendment provides a criminal defendant the right to confront witnesses against him, with the major reason for this protection being that a defendant must be given an opportunity to cross-examine such witnesses. *See Bruton v. United States*, 391 U.S. 123, 126 (1968); *see also Richardson v. Marsh*, 481 U.S. 200, 206 (1987). But "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Marsh*, 481 U.S. at 211. Aguilar has not pointed to any specific statement to be used by the government. It suffices to say that any out-of-court statement by a co-defendant to be used in this case must satisfy *Marsh*. So long as this is done, the admission of an out-of-court statement by a co-defendant does not require severance. *Cf. id.* at 209-10 (discussing joint trials).

III.  Conclusion

Accordingly, the motions to sever of defendants Macias-Rodriguez, Macias, and Aguilar are DENIED.

SIGNED March 2, 2009.

                                                                        TERRY R. MEANS  
                                                                       UNITED STATES DISTRICT JUDGE